UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KEVIN DEVAULT,                                   :
          Petitioner,                  :
                                           :   **MEMORANDUM OPINION**
v.                                               :   **AND ORDER**
                                           :
THOMAS GRIFFIN,                                  :   16 CV 7281 (VB)
          Respondent.                  :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Lisa M. Smith's Report and Recommendation ("R&R"), dated January 22, 2020 (Doc. #29), on Kevin DeVault's pro se petition for a writ of habeas corpus. Petitioner was convicted in Supreme Court, Sullivan County, on his plea of guilty to course of sexual conduct against a child in the second degree, course of sexual conduct against a child in the first degree, rape in the second degree, and incest in the second degree. He was sentenced to an aggregate term of twenty-five years imprisonment, plus twenty years of post-release supervision. His conviction was affirmed on appeal, and his subsequent motion to vacate judgment was denied.

      The magistrate judge recommended that the Court deny the petition in its entirety. Specifically, Judge Smith found that (i) petitioner's plea was voluntary, knowing, and intelligent; (ii) petitioner's claim of ineffective assistance of counsel based on the assertion that his counsel forced him to plead guilty was unsupported by facts; and (iii) petitioner's other ineffective assistance of counsel claims—based on the allegations that counsel failed to produce an expert, counsel did not show petitioner discovery material, counsel did not question evidence relating to an element of petitioner's crimes, and counsel failed to preserve a challenge to the sufficiency of his plea allocution—were either unexplained or did not relate to the voluntariness of petitioner's plea or were procedurally barred from habeas review.

1

For the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

Familiarity with the factual and procedural background of this case is presumed.

I.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1]

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1988). Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

Neither party objected to Judge Smith's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and the underlying record. Having done so, the Court finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated: August 31, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge